UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
LE-MAYNE DE-NIRO GAYLE SAWYERS,

                                         7:22-cv-07153-KMK

                     Petitioner,

   -against-                         **ANSWER TO AMENDED**
                                         **VERIFIED EXPEDITED**
                                         **PETITION**

FRITZROY ALEXANDER WELLINGTON and DENEESE
WELLINGTON,         ,

                   Respondents.
------------------------------------------------------------------------X

       Respondents FRITZROY ALEXANDER WELLINGTON (hereinafter the "Father") and DENEESE WELLINGTON (the "Wife") collectively, the "Respondents"), by and through their attorneys ROACH BERNARD, PLLC, for its Answer and Affirmative and other Defenses to the Amended Verified Expedited Petition (Dkt. #24) ("Petition"), respond as follows:

## RESPONSE TO "INTRODUCTION"[1]

1. In response to Paragraphs 1-6 of the Petition, Respondents admit that Petitioner purports to bring an action against Respondents, but denies any unlawful conduct as alleged by Petitioner, and deny all remaining allegations in Paragraphs 1-6.

## RESPONSE TO "JURISDICTION AND VENUE"

2. Paragraph 7 of the Petition calls for a legal conclusion to which no response is required. To the extent a response is required, Defendant admits that their residential address is located at 466 South Columbus Avenue, Mount Vernon, New York 10553. Respondents deny all remaining allegations in Paragraph 7.

3. Paragraph 8 of the Petition calls for a legal conclusion for which no response is required. To the extent a response is required, Respondents deny the allegations in Paragraph 8.

4. Paragraph 9 of the Petition calls for a legal conclusion for which no response is required. To the extent a response is required, Respondents deny the allegations in Paragraph 9.

---

[1] Respondents repeat the headings in the Petition in this Answer for ease of reference only, bit denies the headings to the extent they purport to assert allegations of facts or conclusions of law.

## RESPONSE TO "STATEMENT OF FACTS"

5. Paragraph 10 of the Petition calls for a legal conclusion for which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 10.

6. Respondents lack the knowledge or information sufficient to admit or deny the allegations in Paragraph 11 of the Petition. To an extent a response is required, Respondents deny the allegations in Paragraph 11.

7. Father admits he was at time married to Petitioner and since then said marriage has been dissolved; Wife lacks the lack the knowledge or information sufficient to admit or deny the allegations in Paragraph 12 of the Petition. To an extent a response is required, Wife denies the allegations in Paragraph 12.

8. Father admits that he and Petitioner are the biological parents of Joshua Jean-Pierre (the "subject child"); Wife lacks the lack the knowledge or information sufficient to admit or deny the allegations in Paragraph 13 of the Petition. To an extent a response is required, Wife denies the allegations in Paragraph 13.

9. Father admits that the subject child was born on October 21, 2013, following birth by Petitioner; Wife lacks the lack the knowledge or information sufficient to admit or deny the allegations in Paragraph 14 of the Petition. To an extent a response is required, Wife denies the allegations in Paragraph 14.

10. Respondents lack the knowledge or information sufficient to admit or deny the allegations in Paragraph 15 of the Petition. To an extent a response is required, Respondents deny the allegations in Paragraph 15.

11. Respondents deny the allegations in Paragraph 16 of the Petition.

12. Respondents deny the allegations in Paragraph 17 of the Petition.

13. Respondents deny the allegations in Paragraph 18 of the Petition.

14. Paragraph 19 of the Petition calls for a legal conclusion to which no response is required. To the extent a response is required, Defendant admits that Father and Petitioner are legally divorced. Respondents deny all remaining allegations in Paragraph 19.

15. Respondents deny the allegations in Paragraph 20 of the Petition.

16. Respondents deny the allegations in Paragraph 21 of the Petition.

17. Respondents deny the allegations in Paragraph 22 of the Petition.
18. Paragraph 23 of the Petition calls for a legal conclusion to which no response is required. Respondents deny the allegations in Paragraph 23 of the Petition.
19. Paragraph 24 of the Petition calls for a legal conclusion to which no response is required. To the extent a response is required, Respondents deny the allegations in Paragraph 24 of the Petition.
20. Paragraph 25 of the Petition calls for a legal conclusion to which no response is required. To the extent a response is required, Respondents deny the allegations in Paragraph 25 of the Petition.
21. Paragraph 26 of the Petition calls for a legal conclusion to which no response is required. To the extent a response is required, Respondents deny the allegations in Paragraph 26 of the Petition.
22. Respondents deny the allegations in Paragraph 27 of the Petition.
23. Respondents deny the allegations in Paragraph 28 of the Petition.
24. Respondents deny the allegations in Paragraph 29 of the Petition.
25. Respondents deny the allegations in Paragraph 30 of the Petition.
26. Respondents deny the allegations in Paragraph 31 of the Petition.
27. Respondents deny the allegations in Paragraph 32 of the Petition.
28. Respondents deny the allegations in Paragraph 33 of the Petition.
29. Respondents deny the allegations in Paragraph 34 of the Petition.
30. Respondents deny the allegations in Paragraph 35 of the Petition.
31. Respondents deny the allegations in Paragraph 36 of the Petition.
32. Respondents deny the allegations in Paragraph 37 of the Petition.
33. Respondents deny the allegations in Paragraph 38 of the Petition.
34. Respondents deny the allegations in Paragraph 39 of the Petition.
35. Respondents deny the allegations in Paragraph 40 of the Petition.
36. Respondents deny the allegations in Paragraph 41 of the Petition.
37. Respondents deny the allegations in Paragraph 42 of the Petition.
38. Respondents deny the allegations in Paragraph 43 of the Petition.
39. Respondents deny the allegations in Paragraph 44 of the Petition.
40. Respondents deny the allegations in Paragraph 45 of the Petition.

41. Respondents deny the allegations in Paragraph 46 of the Petition.
42. Respondents deny the allegations in Paragraph 47 of the Petition.
43. Respondents deny the allegations in Paragraph 48 of the Petition.
44. Respondents deny the allegations in Paragraph 49 of the Petition.
45. Respondents deny the allegations in Paragraph 50 of the Petition.
46. Respondents deny the allegations in Paragraph 51 of the Petition.
47. Respondents deny the allegations in Paragraph 52 of the Petition.
48. Respondents deny the allegations in Paragraph 53 of the Petition.
49. Respondents deny the allegations in Paragraph 54 of the Petition.
50. Respondents deny the allegations in Paragraph 55 of the Petition.
51. Respondents deny the allegations in Paragraph 56 of the Petition.
52. Respondents deny the allegations in Paragraph 57 of the Petition.
53. Respondents lack the knowledge or information sufficient to admit or deny the allegations in Paragraph 58 of the Petition.  To an extent a response is required, Respondents deny the allegations in Paragraph 58.
54. Respondents lack the knowledge or information sufficient to admit or deny the allegations in Paragraph 59 of the Petition.  To an extent a response is required, Respondents deny the allegations in Paragraph 59.
55. Respondents lack the knowledge or information sufficient to admit or deny the allegations in Paragraph 60 of the Petition.  To an extent a response is required, Respondents deny the allegations in Paragraph 60.
56. Respondents deny the allegations in Paragraph 61 of the Petition.
57. Respondents deny the allegations in Paragraph 62 of the Petition.
58. Respondents deny the allegations in Paragraph 63 of the Petition.
59. Respondents deny the allegations in Paragraph 64 of the Petition.

**RESPONSE TO COUNT I: ("WRONGFUL RETENTION OF THE CHILD")**

60. In response to Paragraph 65 of the Petition, Respondents repeat each and every one of its responses to the allegations in the Petition as if set forth more fully herein.
61. Respondents deny the allegations in Paragraph 66 of the Petition.
62. Respondents deny the allegations in Paragraph 67 of the Petition.
63. Respondents deny the allegations in Paragraph 68 of the Petition.

64. Respondents deny the allegations in Paragraph 69 of the Petition.
65. Respondents deny the allegations in Paragraph 70 of the Petition.
66. Respondents deny the allegations in Paragraph 71 of the Petition.

### RESPONSE TO COUNT II: ("PROVISIONAL MEASURES")

67. In response to Paragraph 72 of the Petition, Respondents repeat each and every one of its responses to the allegations in the Petition as if set forth more fully herein.
68. Paragraph 73 of the Petition calls for a legal conclusion to which no response is required. Respondents deny the allegations in Paragraph 73 of the Petition.
69. Paragraph 74 of the Petition calls for a legal conclusion to which no response is required. Respondents deny the allegations in Paragraph 74 of the Petition.
70. Respondents deny the allegations in Paragraph 75 of the Petition.
71. Respondents deny the allegations in Paragraph 76 of the Petition.
72. Paragraph 77 of the Petition calls for a legal conclusion to which no response is required. Respondents deny the allegations in Paragraph 77 of the Petition.

### RESPONSE TO COUNT III: ("ATTORNEY FEES AMD COSTS")

73. In response to Paragraph 78 of the Petition, Respondents repeat each and every one of its responses to the allegations in the Petition as if set forth more fully herein.
74. Respondents deny the allegations in Paragraph 79 of the Petition.
75. Respondents deny the allegations in Paragraph 80 of the Petition.
76. Respondents deny the allegations in Paragraph 81 of the Petition.
77. Respondents deny the allegations in Paragraph 82 of the Petition.

### RESPONSE TO "PRAYER OF RELIEF"

78. In response to the PRAYER FOR RELIEF clause that begins after Paragraph 82 of the Petition, Respondents deny that Petitioner is entitled to any of the relief requested therein. Furthermore, Respondents deny each and every allegation in Petitioner's Petition, which has not been specifically admitted herein.

### AS AND FOR ITS AFFIRMATIVE AND OTHER DEFENSES

Respondents assert the following defenses and affirmative defenses to the Petition. By asserting these defenses, Respondents does not concede that it has the burden of proof as to any such defense. To the extent any defenses or legal theories asserted herein may be interpreted as being inconsistent, such defenses or legal theories are pleaded in the alternative. Subject to and

without waiving the foregoing, and without waiving Petitioner's burden to show otherwise, Respondents states:

### FIRST AFFIRMATIVE DEFENSE

The Petition, in whole or in part, fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Petitioner's claims are barred, in whole or in part, by the applicable statue of limitations.

### THIRD AFFIRMATIVE DEFENSE

Petitioner claims are barred, in whole or in part, by the principles of unclean hands, waiver, estoppel and/or laches.

### FOURTH AFFIRMATIVE DEFENSE

According to Article 12 of the Hague Convention, the judicial authority (this Court in this instance) has the discretion not to order the return of the child where it is demonstrated that the child is now settled in its new environment. Respondents assert that the subject child is well settled in his new environment as he has been in the United States for 17 months before the filing of Petitioner's application. The subject child is enrolled in school and his performance has improved tremendously, he has also developed friendships at school, and he has developed an even greater attachment to Respondents.

### FIFTH AFFIRMATIVE DEFENSE

Respondents assert that Petitioner consented to the subject child traveling to the United States and made all arrangements and stipulations with third parties concerned, all at Petitioner's initiative and furthermore Petitioner consented to the subject child remaining in the United States with the Respondent, as per Article 13 (a) of the Hague Convention. As aforementioned, Petitioner made an untimely filing as the subject child was in the United States for over a year before she initiated legal proceedings and as such, she acquiesced to the subject child remaining in the United States.

### SIXTH AFFIRMATIVE DEFENSE

Respondents assert that the if the subject child is returned to Petitioner's care and custody, there is a grave risk that his return will expose him to physical, psychological harm, thus placing him in an intolerable situation as posited in Article 13 (b) of the Convention. At the time that the subject child first arrival in the USA, Father learned that the subject child was not enrolled and attending school for more than a year, was not being fed meals daily and was being left alone for

long periods of time without adult supervision, care or oversight, was afraid of, and subject to nightly police raids upon the home he resided in with Petitioner, due to Petitioner engaging in illicit gambling activities/parties, and generally demonstrated credible fear of reprisal and retribution from Petitioner.

## SEVENTH AFFIRMATIVE DEFENSE

Respondents assert that the subject child has expressed his desire to Petitioner and Respondents jointly, that he does not wish to return to Jamaica as he is comfortable and settled in the United States as per Article 13 (b).  The subject child is at the age and maturity whereby this Court can ascertain his wishes, at the appropriate time, with and without assistance of Counsel to the subject child.

## EIGHTH AFFIRMATIVE DEFENSE

Respondents assert that the relevant judicial and administrative authorities of the relevant contracting states under the Hague Convention, ought to take into account the information relating to the social background of the subject child, to be provided by the Central Authority or other competent authority of the child's habitual residence as stated in article 13 (b) of the Hague Convention (in this case, the Jamaica Central Authority).   The Judicial Central Authority in Jamaica is also a necessary party in these proceedings to provide the foregoing report.

## NINETH AFFIRMATIVE DEFENSE

Petitioner is not entitled to attorney's fees.

## TENTH AFFIRMATIVE DEFENSE

Respondents reserve the right to assert any additional defenses should such defenses become known to it during the court of this proceeding.

**WHEREFORE**, Respondents respectfully request that the Petition be dismissed with prejudice and in its entirety; that judgment be entered against Petitioner and in favor of Respondents, for all costs, disbursements, and attorneys' fees incurred by Respondents in defending this action; and that Respondents be granted such other and further relief as the Court may deem just and proper.

Date:   December 23, 2022
       Valley Stream, New York

                                                    By: _____/s/_____
                                                    Seidia Roach Bernard, Partner
                                                    *Attorneys for Respondents*
                                                    **ROACH BERNARD, PLLC**
                                                    175 North Central Avenue, Suite 200
                                                    Valley Stream, New York 11580
                                                    Tel: (516) 568-7700
                                                    Fax: (516) 450-3506
                                                    Email: sbernard@rbpllc.com

To: Marquetta J. Bryan
    *Attorney for the Petitioner*
    Nelson Mullins Riley & Scarborough, LLP
    201 17th Street, Suite 1700
    Atlanta, Georgia 30363

    Steven H. Campbell
    *Attorney for the Petitioner*
    Nelson Mullins Riley & Scarborough, LLP
    201 17th Street, Suite 1700
    Atlanta, Georgia 30363

## CERTIFICATE OF SERVICE

I hereby certify that on December 23, 2022, I caused a copy of the ANSWER TO AMENDED VERIFIED EXPEDITED PETITION to be served upon the following parties via the Court's ECF system:

To: Marquetta J. Bryan
*Attorney for the Petitioner*
Nelson Mullins Riley & Scarborough, LLP
201 17th Street, Suite 1700
Atlanta, Georgia 30363

Steven H. Campbell
*Attorney for the Petitioner*
Nelson Mullins Riley & Scarborough, LLP
201 17th Street, Suite 1700
Atlanta, Georgia 30363

Date:   December 23, 2022
        Valley Stream, New York

By: _____/s/_____
Seidia Roach Bernard, Partner
*Attorneys for Respondents*
**ROACH BERNARD, PLLC**
175 North Central Avenue, Suite 200
Valley Stream, New York 11580
Tel: (516) 568-7700
Fax: (516) 450-3506